**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4336**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

BOBBY JERMAINE TURRENTINE,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:12-cr-00153-TDS-1)

_____

Submitted:  November 19, 2013        Decided:  November 21, 2013

_____

Before MOTZ, GREGORY, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Jonathan Leonard, LAW OFFICE OF JONATHAN LEONARD, Winston-Salem,
North Carolina, for Appellant.  Michael A. DeFranco, Assistant
United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bobby Jermaine Turrentine appeals his conviction and eighty-month sentence imposed following his guilty plea to possession with intent to distribute ten grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2012), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012). On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court imposed an unreasonable sentence. Turrentine was notified of his right to file a pro se supplemental brief but has not done so. The government has declined to file a response brief. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). We "must first ensure that the district court committed no significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2012) factors, or inadequate explanation of the sentence imposed. Gall, 552 U.S. at 51; see also United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010) (noting same). If we find no procedural error, we examine the substantive reasonableness of a

sentence under "the totality of the circumstances." Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. See 18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines sentence is substantively reasonable, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (citation omitted).

Our review of the record reveals that Turrentine's sentence was reasonable. The district court properly calculated Turrentine's Guidelines range and sentenced him within that range and the applicable statutory range. The court provided a lengthy explanation of the basis for its sentence, carefully grounded in the § 3553(a) factors. Further, Turrentine has failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence. See Montes-Pineda, 445 F.3d at 379. We therefore discern no abuse of discretion in the sentence imposed.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Turrentine's conviction and sentence. This court requires that counsel inform Turrentine, in writing, of the right to petition the Supreme Court of the United States for

3

further review.  If Turrentine requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Turrentine.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>